14 CV 2139

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LEX HENTENAAR,
Individually and on behalf of a class,

                                      Plaintiff,

                    - against -

MEDIA COLLECTIONS, INC.
d/b/a JOSEPH, MANN & CREED,

                                 Defendant.
-----------------------------------------------------------X

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged by defendant Media Collections, Inc., d/b/a Joseph, Mann & Creed ("Media Collections"). Plaintiff alleges violation of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give certain information. 15 U.S.C. §§1692g(b), 1692e, and 1692e(10).

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, and 15 U.S.C. §1692k (FDCPA).

1

3. Venue and personal jurisdiction over defendant in this District is proper because defendant's collection activities impacted plaintiff here and because defendant transacts business in this District.

## PARTIES

4. Plaintiff, Lex Henenaar, is an individual resident of the State of New York, residing in the County of New York. Plaintiff is a "Consumer" as that term is defined by 15 U.S.C. §1692a(3) of the FDCPA in that the alleged debt that the defendant sought to collect from Plaintiff is a consumer debt.

5. Defendant, Media Collections is an Ohio Foreign Business Corporation doing business in New York with a principal place of business located in Shaker Heights, Ohio. Defendant is regularly engaged in the collection of debts allegedly owed by consumers. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

## FACTS

6. On or about July 1, 2013, Plaintiff was mailed the collection letter attached as Exhibit A. Plaintiff received it in the ordinary course of mail.

7. Exhibit A sought to collect a debt incurred for personal, family or household use and not for business purposes.

8. Exhibit A is, on information and belief, a form letter.

9. On July 11, 2013, Plaintiff, through his counsel, wrote to defendant disputing the debt and requesting verification of the debt including the full corporate name and address of the original creditor. Plaintiff's dispute letter is annexed hereto as Exhibit B.

10. Upon information and belief, defendant received Plaintiff's dispute letter.

11. On or about March 13, 2014, Plaintiff received further communication from defendant which was addressed to Plaintiff at his New York, NY address. Defendant's communication is annexed hereto as <u>Exhibit C</u>. <u>Exhibit C</u> is in the form of a "first letter" through which defendant refuses to verify the debt and to provide the duly requested name and address of the original creditor as required by 15 U.S.C. §1692g(a)(5).

12. The letter attached as <u>Exhibit C</u> attempts to collect a disputed debt prior to the debt collector verifying the disputed debt in violation of 15 U.S.C. §1692g(b).

13. Both <u>Exhibit A</u> (the original letter) and <u>Exhibit C</u> (the alleged verification letter) are attempts to collect a Skandicinkasso / Hertz Car Rental debt for Media Collection's Client Account #: 733003572. However, in an effort to use false, deceptive and misleading means of collecting this debt, defendant changed its Reference Number on <u>Exhibit C</u> from 7270967 to 7270966 and voluntarily cut the disputed amount demanded exactly in half in order to make it appear that the verification letter is simply a "first letter" on a new account when in fact it is a continuation of defendant's collection efforts without providing the requisite verification in violation of 15 U.S.C. §1692e.

14. By changing the Reference Number and the disputed amount demanded while maintaining all other aspect of the account including the Client Account number, defendant's communication by and through <u>Exhibit C</u> is an attempt to lead Plaintiff and the least sophisticated consumer to believe that <u>Exhibit C</u> refers to a different debt from <u>Exhibit A</u>.

15. <u>Exhibit C</u> is simply a means to circumvent the requirements of 15 U.S.C. §1692g(b).

16. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

## FIRST CAUSE OF ACTION
(Violations of the FDCPA)

17. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 16 of this Complaint as though set forth at length herein.

18. Collection letters such as those sent by defendant are to be evaluated by the objective standard of hypothetical "least sophisticated consumer."

19. Section 1692e(10) states that:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. . . . the following conduct is a violation of this section:

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

20. Section 1692g(b) requires the debt collector to cease further communication with the consumer upon the debt collector's receipt of the consumer's letter of dispute until it verifies the disputed debt.

21. Defendant's debt collection attempts violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c, 1692e, 1692e(2), 1692e(10), 1692g, 1692g(a)(2), 1692g(a)(5), and 1692(b) by failing to provide verification of the disputed debt and by further communicating with the consumer.

## SECOND CAUSE OF ACTION
(Violations of the FDCPA)

22. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 21 of this Complaint as though set forth at length herein.

23. That Defendant received the dispute letter dated July 11, 2013 which was sent by Plaintiff's counsel (Exhibit B).

24. That, notwithstanding being informed that Plaintiff was represented by counsel and that Plaintiff should not be contacted directly, Defendant sent its letter dated March 13, 2014 directly to Plaintiff.

25. That Defendant's sending of its letter dated March 13, 2014 to Plaintiff constitutes a violation of 15 U.S.C. § 1692c(a)(2).

26. That Defendant is further in violation of 15 U.S.C. §§ 1692e and 1692e(10) in that Defendant's conduct in contacting Plaintiff directly after knowledge of attorney representation constitutes a deceptive and misleading means used in an attempt to collect the debt.

27. That, in addition, Plaintiff had 30 days after his receipt of Defendant's first letter, dated July 1, 2013 to dispute the debt and request verification of the debt and that Plaintiff's counsel sent the dispute letter within 30 days of Plaintiff's receipt of Defendant's first letter.

28. That, pursuant to 15 U.S.C. § 1692g(b) Defendant was obligated to cease collection of the debt until it provided the requested verification.

29. That Defendant did not cease collection of the debt, but instead ignored Plaintiff's counsel's dispute and representation letter and continued collection of the debt by sending to Plaintiff its letter dated March 13, 2014.

30. That in doing so, Defendant further violated 15 U.S.C. § 1692g(b).

## CLASS ALLEGATIONS

31. Pursuant to Fed.R.Civ.P. 23(a), plaintiff brings this claim on behalf of a class.

32. The class consists of (a) all natural persons (b) who were sent a letter as Exhibit A (c) seeking to collect a debt (d) on or after a date one year prior to the filing of this

action and ending 20 days after the filing of this action (e) who disputed the debt and asked for verification of the debt and (f) who were sent a letter as Exhibit C.

33. The class is so numerous that joinder is impracticable.

34. On information and belief, there are more than 50 natural persons who were sent letters similar to Exhibit A and Exhibit C on or after a date one year prior to the filing of this action and ending 20 days after the filing of this action.

35. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are:

   a. whether the defendant violated various provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692g(b), 1692e, and 1692e(10);

   b. Whether Plaintiff and the Class have been injured by the defendant's conduct;

   c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d. Whether Plaintiff and the Class are entitled to declaratory relief.

36. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

37. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

38. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. The nature of the wrong depends on the deception of the consumer, so it is unlikely to be detected or remedied without a class action.

**WHEREFORE**, Plaintiff respectfully demands judgment in favor of Plaintiff and the class and against the Defendant as follows:

a)  Statutory damages;

b)  Attorney's fees, litigation expenses and costs of suit;

c)  Declaratory relief finding the collection letter violates the FDCPA; and

d)  For such other and further relief which this court deems just and proper.

Dated: New York, New York
       March 25, 2014

SHAKED & POSNER
Attorneys for Plaintiff

By: _____
Dan Shaked (DS-3331)
501 Fifth Avenue, Fl. 3
New York, NY 10017
Tel. (212) 494-0035
Fax (646) 367-4951
e-mail: dan@shakedandposner.com

## JURY DEMAND

Plaintiff hereby demands trial by jury.

_____
Dan Shaked (DS-3331)

EXHIBIT A



# JOSEPH, MANN & CREED
*A Collection Agency*

20600 Chagrin Blvd., Suite 550, Shaker Heights, Ohio 44122-5340
Telephone: 216-831-5626 ♦ Fax: 216-831-5616
Hours of operation 8:30 am - 5:30 pm EST

RE: Lex Hentenaa
And SkandicInkasso / Hertz Car Rental
Client Account #: 733003572

Balance Due: $1,497.08
JMC Account #: 7270967

July 01, 2013

Be advised that SkandicInkasso / Hertz Car Rental has requested that our agency collect this account.

In regard to the above-captioned account, please note the following:

1). SkandicInkasso / Hertz Car Rental has forwarded your account information to our office.

2). They advised us that they have attempted to contact you and you have not paid this account.

All checks should be made payable to SkandicInkasso / Hertz Car Rental and mailed using the enclosed self-addressed envelope.

NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

George Moore    Ext. 288
George.Moore@jmcbiz.com
Enclosure

---

PLEASE DETACH THE BOTTOM PORTION AND RETURN WITH YOUR PAYMENT -- RETAIN TOP PORTION FOR YOUR RECORDS

---

20600 CHAGRIN BLVD., STE 550
SHAKER HTS, OH  44122-5340

JMC Account #: 7270967
Client Account #: 733003572

No Fee QuickPay @ www.jmcquickpay.com
Your Access Code: 6890989

July 01, 2013

JMC/733003572/11   611019398249   905/0000453/0005

Lex Hentenaa
485 Fashion Ave Rm 1200
New York, NY  10018-9401




JOSEPH, MANN & CREED
PO BOX 22253
BEACHWOOD, OH  44122-0253

This Communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

New York City Department of Consumer Affairs license number 1257997.

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. [You authorize us to collect a fee of $15.00 through an electronic fund transfer from your account if your payment is returned unpaid.]

EXHIBIT B

EXHIBIT C



JOSEPH,
MANN &
CREED
A Collection Agency

20600 Chagrin Blvd., Suite 550, Shaker Heights, Ohio 44122-5340
Telephone: 216-831-5626 ♦ Fax: 216-831-5616
Hours of operation 8:30 am - 5:30 pm EST

RE: Lex Hentenaa
    And SkandicInkasso / Hertz Car Rental
Client Account #: 733003572

Balance Due: $748.54

JMC Account #: 7270966

March 13, 2014

Be advised that SkandicInkasso / Hertz Car Rental has requested that our agency collect this account.

In regard to the above-captioned account, please note the following:

1). SkandicInkasso / Hertz Car Rental has forwarded your account information to our office.

2). They advised us that they have attempted to contact you and you have not paid this account.

All checks should be made payable to SkandicInkasso / Hertz Car Rental and mailed using the enclosed self-addressed envelope.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

Lisa Stoughton          Ext. 260
Lisa.Stoughton@jmcbiz.com
Enclosure

11

---

PLEASE DETACH THE BOTTOM PORTION AND RETURN WITH YOUR PAYMENT -- RETAIN TOP PORTION FOR YOUR RECORDS

20600 CHAGRIN BLVD., STE 550
SHAKER HTS, OH  44122-5340

JMC Account #: 7270966
Client Account #: 733003572

No Fee QuickPay @ www.jmcquickpay.com
Your Access Code: 6890989

March 13, 2014

JMC/733003572/11   611023540606   249/0000125/0004

Lex Hentenaa
485 Fashion Ave Rm 1200
New York, NY  10018-9401

JOSEPH, MANN & CREED
PO BOX 22253
BEACHWOOD, OH  44122-0253